UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YONAH ROTHMAN,<br><br>                      Plaintiff,<br><br>- against –<br><br>COMPLETE PACKAGING & SHIPPING SUPPLIES, INC., and MITCHELL MANKOSA, individually and as an aider and abettor,<br><br>                      Defendants. | **COMPLAINT**<br><br>Case No.:<br><br>Jury Trial Demanded |

Plaintiff, **YONAH ROTHMAN**, by and through his attorneys, **ZABELL & COLLOTTA, P.C.**, complains and alleges as follows:

## I.    PRELIMINARY STATEMENT

1. Plaintiff brings this civil action seeking declaratory relief, money damages and affirmative relief based upon the Defendants' violations of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*; and the Corporate Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. §2000e *et. seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296 *et seq.* (McKinney 1993 & 2001 supp.), and other appropriate rules, regulations, statutes and ordinances. Plaintiff also brings this action to recover declaratory, monetary and affirmative relief based upon violations of the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec. Law § 296, *et seq.* (McKinney 1993 & 2001 supp.) committed by individual Defendant **MITCHELL MANKOSA**, in his

capacity as an aider and abettor, and additional causes of action arising under other rules, regulations, statutes and ordinances.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. § 1331. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

3. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

4. This court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.     PARTIES

5. Plaintiff, Yonah Rothman (hereinafter "Plaintiff" or "Mr. Rothman"), was at all times relevant herein a domiciliary of the State of New York, residing in Rockland County.

6. At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 2000e(f), and § 190(2) of the NYLL, a "commission salesman" within the meaning of § 190(6) of the NYLL and a "person" within the meaning of 42 U.S.C. § 2000e(a), and § 292(1) of the NYSHRL.

7. Upon information and belief, Defendant Complete Packaging and Shipping Supplies, Inc. (hereinafter "Complete" or the "Company") is a domestic corporation located at 1200 Shames Drive, Unit A, Westbury, New York 11590.

8. Upon information and belief, at all times relevant to the Complaint, Complete has been an "employer" within the meaning of 42 U.S.C. § 2000e(b), § 190(3) of the NYLL and § 292(5) of the NYSHRL.

9. Upon information and belief, at all times relevant to the Complaint, Defendant Mitchell Mankosa (hereinafter "Defendant Mankosa" or "Mankosa") was and is an owner and operator of Complete, who is being sued in his individual capacity and as an aider and abettor under NYSHRL § 296(6).

10. Upon information and belief, at all times relevant to the Complaint, Mr. Mankosa was and is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and § 190(3) of the NYLL, and a "person" pursuant to 42 U.S.C. § 2000e(a), and § 292(1) of the NYSHRL.

## IV.   FACTS

11. Plaintiff repeats and realleges each and every allegation previously contained herein.

12. Plaintiff began working for Complete in or around 2005.

13. When Plaintiff first began his tenure, he was a salesman. Eventually, he worked his way up to become one of two (2) Directors of Government Sales at Complete.

14. As a Director of Government sales Plaintiff was responsible for, among other things, managing four (4) government sales contracts, from which he earned 40% commission on all profit derived from sales generated from item(s) on the

3

contracts. In addition, Plaintiff earned 40% trailing commission on all Blanket Purchase Agreements ("BPA") that he established for the life of each BPA.

15. Plaintiff operates out of a satellite office of Complete, located in Pomona, New York, for which he is responsible for fifty percent (50%) of the operating costs and expenses, including payroll costs, health insurance, rent, utilities, and cable.

16. Mr. Rothman's department was supported by between two (2) and four (4) full-time staff members throughout his tenure, all of whom he managed.

17. The other Director of Government Sales, Joan Wunk, performed substantially the same work, requiring similar skill, effort and responsibility as Plaintiff.

18. In or about October 2018, Defendant Mankosa was part of a group that purchased Complete. Mankosa maintains day to day operational control of the Company.

19. Upon the sale of Complete, Plaintiff learned that his counterpart, Joan Wunk, earned a lower commission percentage on both the profit from derived sales as well as the on the trailing commissions of each BPA she established.

20. Plaintiff advocated for Ms. Wunk to earn the same commission rate as himself since they were both performing nearly identical work for the Company.

21. Defendant Mankosa refused to change the pay structure.

22. Almost immediately after Defendant Mankosa assumed the day to day operations of the Company, Plaintiff began to observe Mankosa's mistreatment of Ms. Wunk, who is a gay woman.

23. Defendant Mankosa would ignore Ms. Wunk at meetings, disregard her opinions and suggestions, complain she made too much money, and refused to let her perform remote work – even though male employees were afforded this opportunity.

24. In addition, Defendant Mankosa would complain personally to Plaintiff about Ms. Wunk and on one occasion referred to her as "warped".

25. Plaintiff complained about Defendant Mankosa's discriminatory behavior towards Ms. Wunk and told Mankosa that the way he treated her was wrong. Plaintiff indicated that Ms. Wunk should be treated with as much respect and dignity as Mankosa treated the male employees.

26. Defendant Mankosa's behavior towards Ms. Wunk did not change.

27. Eventually there came a time, in or around January 2020, when Ms. Wunk separated from the Company. Shortly thereafter, upon information and belief, Ms. Wunk brought an action against the Company under Title VII and the New York State Human Rights Law ("NYSHRL") because of the discriminatory treatment she received.

28. During Plaintiff's tenure, Bradley Huls, Complete's Chief Financial Officer ("CFO"), repeatedly underpaid his commissions.

29. Plaintiff frequently made complaints to the CFO regarding the calculations of his commissions.

30. When Plaintiff complained, any necessary reconciliation would be delayed if conducted at all.

31. In addition, Plaintiff's commissions were not paid when due; i.e. when the sale was complete. Instead, orders were kept open until the customer was invoiced, which did not happen immediately after the sale. After the invoice was sent, the order was closed and the sale would be eligible for commission.

32. Commissions were calculated on a quarterly basis. However, because of the way orders were closed out, it would sometimes be many months before Plaintiff received his earned commission on a completed sale.

33. There came a time during 2020 when Plaintiff exercised his opposition to discriminatory behavior by cooperating in the Title VII case brought by Ms. Wunk, including, but not limited to, providing recordings of conversations between Plaintiff and Defendant Mankosa.

34. Through the discovery process in Ms. Wunk's case, Defendant Mankosa became aware of Plaintiff's participation in the opposition to discriminatory behavior.

35. Thereafter, in or around June 2021, in retaliation for his opposition to discriminatory behavior, Defendant Mankosa unilaterally decided that the operating costs and expenses shared by Plaintiff would be expanded. For the first time in his near twenty (20) year tenure, Plaintiff was asked to share in an arbitrarily determined portion of the expenses of Complete's overall business costs, including, but not limited to legal and professional costs.

36. This unilateral change in shared costs resulted in an increase of the amount owed by Plaintiff each quarter, which was deducted from his earned commissions.

37. Plaintiff attempted to ascertain the reason why he was now responsible for a portion of the business's costs. Defendant Mankosa stated only that he believed since Plaintiff processed a large amount of transactions Plaintiff should therefore be proportionally responsible for the expenses of the Company. This reason was pretextual since the amount of transactions Plaintiff processed had been consistent throughout his tenure and no other salesperson, regardless of how many transactions they processed was responsible for any portion of the expenses of the Company.

38. At the close of 2021, Mankosa implemented another change that delayed the payment of Plaintiff's earned commissions. Beginning in the final quarter of 2021, orders were kept open until the Company received payment from the customer. After payment was received, the order was closed and the sale would be eligible for commission.

39. This unilateral change resulted in earned commissions not being reconciled for multiple quarters, delaying payment to Plaintiff by many months.

40. Likewise, in or around January 2022, Plaintiff's weekly draw was reduced by $750.00.

41. In addition, and in further retaliation for his opposition to discriminatory behavior, Defendant Mankosa began stripping Plaintiff of responsibilities, including, but not limited to, locking him out of contracts he had previously managed and removing opportunities for sales.

42. No reason was provided for this shift.

43.     Upon information and belief, the Company settled the case in which Plaintiff had participated.

44.     Approximately two (2) weeks after the settlement was reached, on or about March 15, 2022, Plaintiff was terminated from employment with Complete by Defendant Mankosa.

45.     In the termination letter provided to Plaintiff, Defendant Mankosa blamed the existence of Supply King USA (formerly Products-R-Us), a business co-owned by Plaintiff, and an alleged drop in Plaintiff's "year over year" sales. Both reasons were pretextual as Plaintiff's sales were consistent with the market and Mankosa had specific knowledge of Plaintiff's ownership interest in Products-R-Us at the time he purchased Complete.

46.     To date, Plaintiff has not been paid 40% commission on earned profits derived from the open orders upon his departure, nor was he paid 40% trailing commission on each of the BPAs that he established.

47.     Plaintiff has contemporaneously filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and will join his claims under Title VII when the claims are released from the EEOC.

### FIRST CLAIM FOR RELIEF
### (Title VII – Retaliation)

48.     Plaintiff repeats and realleges each and every allegation contained herein.

49.     Defendant Complete retaliated against Plaintiff in violation of Title VII for making a lawful complaint regarding acts of sex discrimination he observed in

Defendant's workplace, for opposing the discriminatory behavior, and for participating in an investigation related to a charge of discrimination brought under Title VII, by unilaterally lowering Plaintiff's commissions, removing Plaintiff's opportunities for sales, and for unlawfully terminating Plaintiff's employment with the Company.

50. As a proximate result of Defendant Complete's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

51. As a proximate result of Defendant Complete's retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

52. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### (Failure to Pay Earned Commission – NYLL Violation)

53. Plaintiff repeats and realleges each and every allegation previously contained herein.

54. During Plaintiff's tenure, Defendants failed to provide Plaintiff with all of his earned sales commissions.

55. Plaintiff did not receive payment of commissions that he earned while an employee of Defendants.

9

56. Consequently, by failing to pay Plaintiff his earned sales commission, Defendants violated the New York Labor Law § 191(1)(c).

57. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid commissions, interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### (Unlawful Deductions from Commissions – NYLL Violation)

58. Plaintiff repeats and realleges each and every allegation previously contained herein.

59. During Plaintiff's tenure, Defendants made unlawful deductions from Plaintiff's commissions in violation of New York Labor Law § 193.

60. As a proximate result of these unlawful deductions, Defendants failed to provide Plaintiff with all of his earned sales commissions.

61. Plaintiff did not receive payment of all commissions that he earned while an employee of Defendants.

62. Consequently, by failing to pay Plaintiff his earned sales commission, Defendants violated the New York Labor Law § 191(1)(c).

63. Thus, Defendants are liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid commissions, interest, attorneys' fees and costs

## FOURTH CLAIM FOR RELIEF
### (NYLL – Retaliation)

64. Plaintiff repeats and realleges each and every allegation previously contained herein.

65. Defendant Complete retaliated against Plaintiff for making complaints regarding his pay, which resulted in delayed payment of earned commission in violation of New York Labor Law § 215.

66. As a proximate result of Defendant Complete's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

67. As a proximate result of Defendant Complete's retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

68. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, and liquidated damages and attorney fees all in an amount to be determined at trial.

69. Notice of Commencement of the action brought by Plaintiff against Defendants was served on the New York State Office of the Attorney General, by letter dated May 13, 2022, in compliance with N.Y. Labor Law § 215(2)(b).

## FIFTH CLAIM FOR RELIEF
### (NYSHRL – Retaliation)

70. Plaintiff repeats and realleges each and every allegation contained herein.

11

71. Defendant Complete retaliated against Plaintiff in violation of NYSHRL for making a lawful complaint regarding acts of sex discrimination he observed in Defendant's workplace, for opposing the discriminatory behavior, and for participating in an investigation related to a charge of discrimination brought under NYSHRL, by unilaterally lowering Plaintiff's commissions, removing Plaintiff's opportunities for sales, and for unlawfully terminating Plaintiff's employment with the Company.

72. As a proximate result of Defendant Complete's retaliatory conduct, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits.

73. As a proximate result of Defendant Complete's retaliatory conduct, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation, anguish, and other incidental and consequential damages.

74. Plaintiff is entitled to equitable and injunctive relief and an award of compensatory, punitive damages and attorney fees all in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
(NYSHRL – Mitchell Mankosa - Aider and Abettor)

75. Plaintiff repeats and realleges each and every allegation contained herein.

76. The unlawful acts contained herein were aided and abetted by Defendant Mankosa in violation of § 296(6) of the NYSHRL.

77. As a proximate result of Mankosa's actions, Plaintiff suffered and continues to suffer substantial loss of past and future earnings, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

78. As a further proximate result of Mankosa's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

79. The conduct of Mankosa was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of injunctive and equitable relief and an award of compensatory, punitive damages and attorney fees from Defendant Mankosa in an amount to be determined at trial.

## V.     DEMAND FOR JURY TRIAL

80. Plaintiff repeats and realleges each and every allegation contained herein.

81. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory and unlawful conduct and actions of Defendants herein alleged, Plaintiff demands:

a. On the Second and Third Claims for Relief, an award of damages against Defendants for Plaintiff's actual damages in an amount to be determined at trial plus interest;

b. On the First, Fourth, Fifth and Sixth Claims for Relief, an award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages;

c. Complete, its agents, employees, officers, and successors in interest, be enjoined from engaging in the illegal and unlawful customs, policies, and practices described herein;

d. Plaintiff be awarded compensatory, liquidated and punitive damages, where applicable by statute, all in an amount to be determined at trial;

e. Defendants be ordered to pay Plaintiff pre and post judgment interest;

f. Defendants be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

g. Plaintiff be awarded such other and further relief as the court deems just and proper.

Dated: May 13, 2022
Bohemia, New York

Respectfully submitted,
ZABELL & COLLOTTA, P.C.

By: _____
Saul D. Zabell, Esq.
Diana M. McManus, Esq.
One Corporate Drive, Suite 103
Bohemia, New York 11716
Tel: (631) 589-7242
Fax: (631) 563-7475
SZabell@laborlawsny.com
DMcmanus@laborlawsny.com