UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YONAH ROTHMAN,

                            Plaintiff,              **MEMORANDUM AND ORDER**

      v.                                              22-CV-2821 (JS) (ST)

COMPLETE PACKAGING & SHIPPING
SUPPLIES, INC., and MITCHELL MANKOSA,
individually and as an aider and abettor,

                            Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

        Before this Court is a motion to disqualify Yonah Rothman's ("Plaintiff") counsel for alleged ethical violations. Plaintiff's counsel has previously represented another individual, Joan Wunk ("Ms. Wunk"), in reaching a settlement against Complete Packaging & Shipping Supplies, Inc. and Mitchell Mankosa ("Defendants"). Plaintiff and Ms. Wunk are both previous employees of Defendants. Plaintiff provided information in support of Ms. Wunk's claim and was allegedly retaliated against by Defendants leading to this action. Plaintiff retained the same counsel that Ms. Wunk employed. For the reasons detailed below, Defendants' motion is DENIED.

## BACKGROUND

        The facts relevant to this instant motion include a previous action aside from Plaintiff's current suit. In 2020, Ms. Wunk filed a discrimination lawsuit against Defendants, her former employer, with the assistance of her counsel, Diana McManus ("Ms. McManus") and Saul Zabell ("Mr. Zabell") of Zabell & Collotta, P.C. Def. Br. at 1, ECF No. 19-9. That matter reached a settlement and was dismissed without the need for a trial. *See id.*

1

At some point either before or during the lifespan of Ms. Wunk's lawsuit, Plaintiff, then also an employee of Defendants, expressed his support of Ms. Wunk and cooperated in Ms. Wunk's case by providing recordings he had made of conversations with Defendants. *Id* at 2. Plaintiff alleges that Defendants became aware of this cooperation through the discovery process in Ms. Wunk's case and that Defendants fired him in retaliation shortly after the parties reached a settlement. *Id.* Plaintiff retained Ms. McManus and Mr. Zabell as well and filed this action on May 13, 2022. *Id* at 1-2.

Defendants seek to call Ms. McManus and Mr. Zabell as fact witnesses in Plaintiff's case due to their role as Ms. Wunk's counsel in the previous matter. *Id* at 2. Defendants filed a motion to disqualify Ms. McManus and Mr. Zabell alleging it would be improper to allow them to represent Plaintiff in light of their representation of Ms. Wunk. *Id*. Judge Joanna Seybert referred Defendant's motion to me for a decision. *See* Referral Order dated Oct. 31, 2022.

**LEGAL STANDARD**

Motions to disqualify counsel are "committed to the sound discretion of the District Court." *Allen v. Cty. of Nassau*, 22-CV-1572 (HG) (JMW), 2022 U.S. Dist. LEXIS 173525, at *17 (E.D.N.Y. Sep. 26, 2022) (quoting *Galante v. Mercedes Benz of Massapequa*, LLC, No. 18-cv-2426, 2022 WL 1019007, at *3 (E.D.N.Y. Jan. 20, 2022)). In exercising that discretion, this Court may be guided by the American Bar Association and applicable state disciplinary rules. *Hempstead Video, Inc. v. Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005). Ultimately, however, such rules are not binding on this Court and "not every violation of a disciplinary rule will necessarily lead to disqualification." *Id*.

Generally, motions to disqualify are disfavored as "disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and . . . disqualification

motions are often interposed for tactical reasons." *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979); *see also Decker v. Nagel Rice LLC*, 716 Supp. 2d 228, 231-32 (S.D.N.Y. 2010). "[E]ven when made in the best of faith, such motions inevitably cause delays." *Allen*, 2022 U.S. Dist. LEXIS 173525 at *17. A "drastic measure" such as disqualification of a litigant's attorney of choice is thus subject to a "high standard of proof." *Capponi v. Murphy*, 772 F. Supp. 2d 457, 472 (S.D.N.Y. 2009). While ultimately any doubts in the record are to be resolved in favor of disqualification, "disqualification is only warranted in the rare circumstance where an attorney's conduct poses a significant risk of trial taint." *Decker*, 716 Supp. 2d at 231-32.

## DISCUSSION

Defendants have moved to disqualify Plaintiff's counsel on the grounds that Plaintiff's counsel are necessary fact witnesses in the case and that counsel have a concurrent conflict of interest with another client, Ms. Wunk. Plaintiff contests both points.[1] For the reasons discussed below, Defendants motion is DENIED.

### I. Defendants Have Not Shown Plaintiff's Counsels' Testimony Would be Necessary or Prejudicial to Plaintiff's Case.

Under Rule 3.7(a) of the New York Rules of Professional Conduct, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." *Bakken Res., Inc. v. Edington*, No. 15-cv-08686 (ALC), 2017 WL 1184289, at *3 (S.D.N.Y. Mar. 29, 2017).

> Disqualification related to potential violations of Rule 3.7(a) is designed to address the risks that: (1) the lawyer might appear to vouch for his own credibility; (2) the lawyer's testimony might place opposing counsel in a difficult position when she has to cross-

---

[1] Defendants also assert that because Plaintiff did not provide sworn affidavits along with their opposition to this motion, any statements of fact not in the record must be disregarded. Def. Reply Br. at 1-2, ECF No. 25. Ultimately, the Court need not reach this argument. The burden of proof on a motion to disqualify rests solely with the moving party. *Capponi v. Murphy*, 772 F. Supp. 2d 457, 471 (S.D.N.Y. 2009). This Court's decision to deny Defendants' motion is based not on a finding that facts stated by Plaintiff are true, but by Defendants' failure to meet the applicable burden of proof on each of their claims.

3

examine her lawyer-adversary and attempt to impeach his credibility; (3) some may fear that the testifying attorney is distorting the truth as a result of bias in favor of his client; and (4) when an individual assumes the role of advocate and witness both, the line between argument and evidence may be blurred, and the jury confused. *Id* (citing *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009).

However, in light of the high standard imposed, counsel may only be disqualified under this rule when that counsel's testimony is both necessary to the proceeding and substantially likely to prejudice the client's case. *See Capponi*, 772 F. Supp. at 472. The burden of showing necessity and prejudice is on the moving party. *Id* at 471. As detailed below, Defendants have failed to show counsels' testimony would be necessary in this case, and, even presuming their testimony was necessary, Defendants have failed to show how such testimony would prejudice Plaintiff.

In determining necessity courts look not to whether counsel possesses "discoverable knowledge, but whether trial of the case will in fact require his testimony." *Wachovia Bank, Nat. Ass'n v. Focus Kyle Grp.*, LLC, 896 F. Supp. 2d 330, 332 (S.D.N.Y. 2012). The existence of additional witnesses with the ability to testify to the same facts is often fatal to a claim for disqualification under the lawyer as witness rule. *See Bakken Res., Inc.*, 2017 WL 1184289 *4. Defendants argue that Ms. McManus and Mr. Zabell are necessary fact witnesses on the issue of whether Plaintiff provided evidence to Ms. McManus and Mr. Zabell in support of Ms. Wunk's previous claim. Def. Reply Br. at 3, ECF No. 25. While Ms. McManus and Mr. Zabell may possess such knowledge, Plaintiff rightfully points out that he also possesses the same knowledge, defeating any claim that Ms. McManus or Mr. Zabell's testimony is necessary when Plaintiff is available to testify.[2] Pl. Opp. Br. at 4, ECF No. 20.

---

[2] Defendants also claim, without citation to any authority, that Plaintiff's conversations with Defendants were privileged as Plaintiff was a party-employee at the time and insinuates that he may have done so under counsels' or Ms. Wunk's direction. Def. Reply Br. at 4, ECF No. 25. Defendants do not, however, present any evidence to support this allegation, nor do they explain why such an allegation is relevant to the issue of disqualification on the basis of the lawyer as witness rule. If, as Defendants assert, Plaintiff was asked to have such conversations with his employer and relay them to Plaintiff's counsel, both Plaintiff and Plaintiff's counsel would still have such knowledge.

4

Defendants admit Plaintiff's knowledge in their reply, and yet maintain that Ms. McManus and Mr. Zabell are necessary to impeach Plaintiff's testimony. Def. Reply Br. at 4, ECF No. 25. However, Defendants can point to no legal authority to support the premise that disqualification is warranted when an attorney is called solely as an impeachment witness, and this Court has found none. Furthermore, such a proposition is at odds with the plain text of Rule 3.7(a) which is concerned with an attorney serving as a witness on a "substantial issue of fact." N.Y.R. of Professional Conduct 3.7(a).

Similarly, Defendants argue that Ms. McManus and Mr. Zabell hold exclusive knowledge as to the date on which Defendants and Ms. Wunk reached a settlement in principle in the prior dispute. Def. Reply Br. at 5, ECF No. 25. But again, Defendants do not explain why Ms. Wunk would not also possess this knowledge regarding her own dispute or why she could not otherwise be called to testify. Defendants have therefore failed to show necessity in this case.

Even presuming Ms. McManus and Mr. Zabel were necessary witnesses, Defendants have failed to present any evidence that their testimony would be prejudicial to Plaintiff. In order to demonstrate prejudice a movant must show "specifically how and as to what issues in the case prejudice may occur and that the likelihood of prejudice occurring is substantial." *Id* (quoting *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir.1989)). While Defendants allege that Ms. McManus and Mr. Zabell's testimony would impeach Plaintiff's version of events, there is no evidence before this Court to indicate that Ms. McManus and Mr. Zabel's testimony would differ in any material way from Plaintiff's. Def. Br. at 8-9, ECF No. 19-9. Defendants can point to nothing in the record to support their conclusory allegation that Plaintiff is lying about having cooperated with Ms. Wunk's previous dispute or that Plaintiff's counsels' testimony would reveal this lie. *See Finkel v. Frattarelli Bros.*, 740 F. Supp. 2d 368, 377 (E.D.N.Y. 2010)

5

(declining to find prejudice where moving party could not provide evidence counsel's testimony would contradict client's). As such, Defendants have failed to show prejudice.

## II. Defendants Have Failed to Show a Concurrent or Subsequent Conflict of Interest.

Defendants argue that Ms. McManus and Mr. Zabell maintain a concurrent conflict of interest in representing both Ms. Wunk and Plaintiff at the same time. As an initial matter, Defendants have not offered any evidence that Ms. Wunk remains a client, but even assuming that is the case Defendants' argument still fails. In cases of concurrent conflicts of interest, it is "*prima facie* improper for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." *Hempstead Video, Inc.*, 409 F.3d at 132.

Defendants have wholly failed to argue that Plaintiff and Ms. Wunk's interests are adverse. Instead, Defendants allege that "Mr. Zabell and Ms. McManus's testimony may be averse to Ms. Wunk . . . ."[3] Def. Br. at 10, ECF No. 19-9. Putting aside that such an argument does not explain how *Plaintiff's* interest would be adverse to Ms. Wunk's, Defendants have presented no evidence demonstrating such adversity. The burden of proof in a motion to disqualify is on the moving party. *See Capponi*, 772 F. Supp. at 471. Having presented no evidence to satisfy this burden, Defendants have failed to show a concurrent conflict of interest.

Defendants also argue that Plaintiff's counsel were required to decline Plaintiff's case because Plaintiff's matter and Ms. Wunk's are "substantially related." Def. Reply. Br. at 5, ECF No. 25. Substantial relation is an element of a claim for subsequent conflicts of interest.

---

[3] Defendants' further allege that Plaintiff's counsel have already behaved unethically in a manner that could prejudice Plaintiff's case "when they signed the complaint in this action with a 'smiley-face.'" Def. Br. at 11, ECF No. 19-9. It is not immediately clear whether signing a complaint in such a manner is an ethical violation, albeit unprofessional. *See* Compl. at 12, Ex. B, ECF No. 19-2. Regardless, Defendants do not specify how such behavior would demonstrate that Plaintiff and Ms. Wunk's interests are adverse and instead merely calls the behavior "questionable."

6

*Hempstead Video, Inc.*, 409 F.3d at 133. While Defendants do not claim a subsequent conflict of interest in this case, the Court nonetheless proceeds to examine the issue as Defendants have invoked the standard. In a case of subsequent conflicts of interest—cases in which representation of a current client presents a conflict of interest with a previous client—counsel may be disqualified if:

> (1) the moving party is a former client of the adverse party's counsel;
> (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and
> (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client. *Id.*

The first element, the existence of a former lawyer-client relationship between the now adverse counsel and moving party, is an essential element of a motion to disqualify. *See R-T Leasing Corp v. Ethyl Corp*, 484 F. Supp. 950, 953 (S.D.N.Y. 1979) (declining to disqualify where moving party could not show lawyer-client relationship); *see also Evans v. Artek Systems Corp.*, 715 F.2d 788, 794 (2d Cir. 1983) (remanding where district court failed to make factual finding as to whether attorney-client relationship existed). Where a moving party has failed to establish a lawyer-client relationship, denial of a motion to disqualify is warranted even if the two matters are substantially related and the attorney in question was likely to have had access to relevant privileged information. *See R-T Leasing Corp*, 484 F. Supp. at 953.

Defendants exclusively argue that this matter is substantially related to Ms. Wunk's and that Plaintiff's counsel, as Ms. Wunk's former counsel, have possession and knowledge of a confidential settlement agreement between Ms. Wunk and Defendants.[4] Def. Reply Br. at 5-8.

---

[4] The parties contest whether the settlement agreement is truly confidential. *Compare* Pl. Sur Reply Br. at 1, ECF No. 28 *with*, Def. Reply Br. at 6, ECF No. 25. Under both New York law and the FLSA, settlement agreements on claims involving alleged discrimination cannot be confidential absent an explicit agreement by the aggrieved employee that they wish the agreement to remain confidential. *See* N.Y. Gen. Oblig. § 5-336(1)(a); *Klinch v. Klimczak*, 571 F. Supp. 3d 8, 12-13 (E.D.N.Y. 2021). The parties were advised of this during the *Cheeks* hearing

ECF No. 25. Defendants do not argue that any attorney-client relationship has ever existed between Defendants and Plaintiff's counsel. Therefore, Defendants have not demonstrated the necessary elements to succeed on a motion to disqualify.

### III. Because There is No Basis to Disqualify Plaintiff's Counsel, Vicarious Disqualification is Improper.

Defendants also seek to disqualify Ms. McManus and Mr. Zabell's law firm as counsel for Plaintiff on the basis of vicarious disqualification. While vicarious disqualification may be granted where an individual lawyer is conflicted out of a litigation due to an ethical violation, Defendants have failed to demonstrate an ethical violation requiring disqualification. *Hempstead Video, Inc.*, 409 F.3d at 133. There is therefore no basis to vicariously disqualify counsels' firm.

### IV. Plaintiff May Make a Formal Motion for Attorney's Fees and Costs.

Plaintiff requests reasonable attorney's fees and costs incurred in opposing this motion to disqualify. Pl. Opp. Br. at 2, ECF No. 20. However, Plaintiff has not requested a specific amount to be awarded, nor has Plaintiff presented evidence demonstrating that such amounts would be reasonable. *Eastern Savings Bank, FSB v. Robinson*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3365091, at *8 (E.D.N.Y. May 9, 2016) *report and recommendation adopted by*, No. 13-CV-7308 (ADS) (SIL), 2016 WL 3102021 (E.D.N.Y. June 2, 2016) (even where attorney's fees are recoverable, the moving party retains the burden of demonstrating reasonableness). However, Plaintiff is granted leave to make a formal motion for attorney's fees with proper supporting documentation.

**CONCLUSION**

---

approving of the previous settlement. Pl. Sur Reply Br. at 1, ECF No. 28. Ultimately, whether the agreement is confidential is immaterial. Possession of confidential information is not dispositive of a motion to disqualify, and so this Court need not reach the issue. *See R-T Leasing Corp*, 484 F. Supp. at 953. A previous attorney-client relationship is required, which is indisputably not present here. *See id.*

8

For the reasons given, Defendants' motion to disqualify is DENIED and Plaintiff is granted leave to file a formal motion for attorney's fees and costs.

**SO ORDERED.**

          /s/ Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       March 31, 2023