UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YONAH ROTHMAN,

       Plaintiff,

       v.

COMPLETE PACKAGING & SHIPPING
SUPPLIES, INC. and MITCHELL MANKOSA,

       Defendants.
-----------------------------------------------------------------X

COMPLETE PACKAGING & SHIPPING
SUPPLIES, INC.,

       Third-Party Plaintiff,

       v.

ARCH INSURANCE COMPANY,

       Third-Party Defendant.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-CV-2821-SJB-ST

**BULSARA, United States District Judge:**

       The Court previously dismissed the Third-Party Complaint of Complete Packaging & Shipping Supplies, Inc. ("Complete") seeking defense and indemnity against Arch Insurance Company ("Arch"). Although the underlying claims continue to be litigated, Complete seeks entry of a partial judgment so that it can appeal the dismissal order. (Mem. of Law in Supp. of Mot. for Certificate of Finality dated Feb. 5, 2025 ("Rule 54(b) Mot."), Dkt. No. 111). For the reasons that follow, the motion—brought pursuant to Federal Rule 54(b)—is denied.

Yonah Rothman commenced the underlying action (the "Rothman Action") on May 13, 2022, against Complete and Mitchell Mankosa (collectively, "Defendants"). (Compl. dated May 13, 2022, Dkt. No. 1). Rothman alleges employment discrimination, underpayment, and wrongful termination by Defendants in violation of Title VII of the Civil Rights Act of 1964, the New York Labor Law, and the New York State Human Rights Law. (Second Am. Compl. dated Aug. 31, 2023 ("Rothman Compl."), Dkt. No. 60 ¶¶ 59–95). Rothman contends he was retaliated against due in part to his participation in a separate employment discrimination case brought by a different Complete employee, Joan Wunk (the "Wunk Action"). (*Id.* ¶¶ 19–35, 49–51, 71–73, 77–78).

Complete filed a Third-Party Complaint against Arch, seeking defense and indemnification in the Rothman Action based on an insurance policy between them (the "Policy").[1] (Third-Party Compl. dated May 10, 2023 ("TPC"), Dkt. No. 41 at 4). The Policy provides coverage to Complete for conduct between December 5, 2021, to December 5, 2022. (Arch-Complete Insurance Policy dated Dec. 7, 2021, attached as Ex. C to TPC, Dkt. No. 41-3 at 1).

The Policy also contains an "interrelated claims" provision that provides that all claims arising from the same facts are considered a single claim, and deemed to have been brought on the date of the earlier claim. (*Id.* at 13 (General Provisions § 10)); *Complete Packaging & Shipping Supplies, Inc. v. Arch Ins. Co.*, No. 22-CV-2821, 2024 WL

---

[1] Arch Insurance Company was substituted as Third-Party Defendant for Arch Insurance Group, Inc. (Order dated Aug. 21, 2023).

2

1679330, at *3 (E.D.N.Y. Apr. 18, 2024).  Finding that the Rothman and Wunk Actions arose from the same interrelated acts—the alleged retaliation by Complete against Rothman for his assistance with Wunk's lawsuit against Complete—Judge Merchant held that the Rothman and Wunk Actions constituted a single claim made in 2020, outside of the Policy's coverage.  *Complete*, 2024 WL 1679330, at *4.  Judge Merchant, therefore, granted Arch's motion to dismiss.  *Id.*

Complete appealed the Arch dismissal to the Second Circuit, which remanded for lack of appellate jurisdiction.  (Second Circuit Mandate dated Dec. 6, 2024, Dkt. No. 105).  Complete subsequently filed the present motion.[2]  The case was reassigned to the undersigned on January 23, 2025.

Rule 54(b) "authorizes appeals from certain 'partial final judgment[s]' addressing 'fewer than all parties' or resolving fewer than 'all claims.'"  *Matter of Energetic Tank, Inc.*, 110 F.4th 131, 147 (2d Cir. 2024) (emphasis omitted) (quoting *Scottsdale Ins. Co. v. McGrath*, 88 F.4th 369, 376 (2d Cir. 2023)), *cert. denied sub nom.*, *Energetic Tank v. United States*, No. 24-683, 2025 WL 1287074, at *1 (May 5, 2025).  Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[2] Arch did not file a response to Complete's Rule 54(b) motion.

3

Fed. R. Civ. P. 54(b).  Importantly, the court must "expressly determine[] that there is no just reason for delay." *Energetic Tank, Inc.*, 110 F.4th at 148 (alteration in original) (quoting Fed. R. Civ. P. 54(b)).  In deciding whether to enter a Rule 54(b) final judgment, courts should consider "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once[.]" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310–11 (2d Cir. 2011) (alterations and emphasis omitted) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). The long-standing "policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly.'" *Id.* at 310 (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)).  To that end, "the district court generally should not grant a Rule 54(b) certification 'if the same or closely related issues remain to be litigated.'" *Id.* at 311 (quoting *Harriscom*, 947 F.2d at 629).

Here, Complete seeks appellate review prior to the resolution of the underlying Rothman Action.  Complete contends that its appeal only requires interpretation of an insurance contract—an issue "separate and distinct from Rothman's employment law claims"—and it faces unnecessary litigation expenses, if Arch was erroneously dismissed.  (Rule 54(b) Mot. at 3).

As an initial matter, there is no "danger of hardship or injustice" to Complete that "would be alleviated by immediate appeal." *Energetic Tank*, 110 F.4th at 148

4

(quoting *Harriscom*, 947 F.2d at 629). In fact, Complete offers no alleged hardship or injustice for the Court to consider. The absence of such a burden counsels against entry of a Rule 54(b) judgment, as there is no indication that Complete will suffer if made to delay its appeal. *Id.*; *Scottsdale*, 88 F.4th at 377–78.

All Complete offers is legal argument: "a third-party claim requesting an insurer to supply a defense" is suitable for partial judgment, because otherwise insureds would have to bear the litigation expenses. (*See* Rule 54(b) Mot. at 3 (quoting *New York v. AMRO Realty Corp.*, 936 F.2d 1420, 1426 (2d Cir. 1991)). Complete overreads *AMRO*.

"It is true that insurance-coverage disputes are often distinct enough to satisfy the final-judgment rule and permit immediate review under Rule 54(b) . . . as, for example, when coverage and liability issues in the same suit are bifurcated." *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 380 (7th Cir. 2011). Indeed, generally "the duty of an insurance company to defend against a suit against its insured is determined by the allegations of the complaint in that suit rather than by what is actually proved," *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1073 (7th Cir. 2004), on which indemnity depends. But here, Complete seeks judgment on both parts of the Arch dismissal, *i.e.*, a resolution of *both* defense and indemnity obligations under the contract. (Rule 54(b) Mot. at 3–4; TPC at 4). And *AMRO* cautions against Rule 54(b) judgments in that context: "final rulings on third-party claims for contribution or indemnity are generally not suitable for certification because these claims may be rendered moot by a judgment for defendant in the main action." *AMRO*, 936 F.2d at 1426; *e.g.*, *New York. v. Blank*, 27 F.3d 783, 787 n.4 (2d Cir. 1994) ("The district

5

court . . . certified as final judgments its orders holding the insurers liable to provide a defense and allocating defense costs amongst the insurers.  Final judgment was *not* entered with respect to the insurers' duty to indemnify, however." (emphasis in original) (following *AMRO*)).  While certifying both indemnity and defense for appeal may be more efficient (compared to splitting the analysis of a single insurance contract into two appeals), doing so heightens the risk of an appellate decision being superseded by actions in the underlying case.  Indemnity is a narrower obligation than defense and likely to implicate the merits:

> [A]n insurer is required to provide a defense to any action within the policy coverage, however groundless, in which the insured may possibly be held liable for damages. . . . [T]he duty to defend is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions.

*Avondale Indus., Inc. v. Travelers Indem. Co.*, 123 F.R.D. 80, 82 (S.D.N.Y. 1988) (quotations omitted), *aff'd*, 887 F.2d 1200 (2d Cir. 1989).  Asking the Second Circuit in the present case to resolve the indemnity dismissal is likely to require it to wade into factual issues still being litigated.  *See Corrosioneering, Inc. v. Thyssen Env't Sys., Inc.*, 807 F.2d 1279, 1284 (6th Cir. 1986):

> First, juridical concerns counsel against the immediate appeal of a question of indemnity apart from or, at least, prior to the consideration on appeal of the question of whether any liability exists.  Although indemnity and liability issues are in some sense 'separate and distinct,' they are nevertheless 'related.'  Indeed, by its very nature indemnity is collateral to and dependent upon a finding of liability.

6

But even as to defense obligations, there is no blanket requirement that such issues be certified for partial appeal.  Certification remains an exercise of discretion, to be rarely used.  A general rule that all third-party insurance coverage dismissals qualify for Rule 54(b) treatment would buck the limitation on such partial judgments, which should be limited to the "infrequent harsh case." *Harriscom*, 947 F.2d at 629 (quotations omitted).  The nature of a case, standing alone, cannot be the basis for entry of a Rule 54(b) judgment (and appeal).  The Rule imposes "a more demanding standard than the parties' own assessment that it would be 'efficient' to allow these appeals." *Scottsdale*, 88 F.4th at 378.

To that end, a defense claim (even against a third-party insurer) must be extricable and separate from the other claims being litigated.  *E.g.*, *Avondale Indus.*, 123 F.R.D. at 82 ("Therefore, it follows that the first part of the Rule 54(b) analysis is satisfied as it is undeniably clear that Travelers' duty to defend is distinct from its duty to indemnify."); *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992).  That is not the case here.  Though Complete's claims against Arch deal primarily with its insurance policy, they are too intertwined with the Rothman Action to warrant a Rule 54(b) partial judgment.  In the Rothman Action, the parties continue to litigate the nature and scope of Complete's allegedly wrongful conduct—including when and whether it took place.  (*See* Complete's Answer to Second Am. Compl. dated Sep. 21, 2023, Dkt. No. 63 ¶¶ 60–64, 77–81, 85–89 (denying all allegations of retaliatory

7

conduct)).[3]  Were the Court to certify the dismissal for appeal, the Second Circuit could be forced to make an insurance coverage decision that would be undermined or superseded by a subsequent ruling in the underlying litigation.  As an example, the Second Circuit could reverse the coverage dispute decision on the basis that the allegations in the Rothman Action are not intertwined with the Wunk Action.  That is what Complete argued before Judge Merchant, and it can be expected to make the same argument again.  (Complete's Opp'n to Arch's Mot. to Dismiss dated Dec. 4, 2023, Dkt. No. 75 at 6–7 ("[The Rothman and Wunk] terminations were separate and independent occurrences, occurred for separate reasons, and were not done [] in concert with one another[.]")).

At a later stage in the ongoing case, facts could demonstrate that Complete's actions against Rothman *were* retaliatory and taken because of his participation in the Wunk Action—an outcome that would mean Complete is not entitled to defense under the Policy because the Rothman and Wunk Actions are to be treated as one claim under the Policy.  Put simply, the appeal requires a determination about the factual underpinnings of this lawsuit; that determination may become superseded by or in tension with the merits determination in the case that continues to proceed.  Rule 54(b) certifications are limited to avoid such piecemeal appeals.  *See Zivkovic v. Laura Christy LLC*, 137 F.4th 73, 81 (2d Cir. 2025) ("The court of appeals must . . . scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to *prevent*

---

[3] The parties to the Rothman Action are in the process of completing depositions and have not yet engaged in any substantive motion practice. (*See* Joint Status Report dated Feb. 3, 2025, Dkt. No. 108).

8

*piecemeal appeals in cases which should be reviewed only as single units*[.]" (emphasis in original) (quoting *Curtiss-Wright*, 446 U.S. at 10)).  Piecemeal litigation is not only inefficient, but raises the risk of inconsistent judgments in coverage litigation that is appealed while underlying merits are resolved.

     As such, the motion for entry of a partial judgment under Rule 54(b) is denied.

                          SO ORDERED.

                          */s/ Sanket J. Bulsara*
                          SANKET J. BULSARA
                          United States District Judge

Date:  August 4, 2025
        Central Islip, New York